UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GLEISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LITTLETHINGS, INC.,<br><br>Defendant. | Civil Action No.: 17-cv-7757<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>ECF Case |

Plaintiff, Michael Gleissner, by and through his attorneys, Morton & Associates LLP, and as for his Complaint for Declaratory Judgment against Defendant LittleThings, Inc. ("LittleThings" or "Defendant") alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaration that Plaintiff does infringe upon (i) any of Defendant's trademark rights, including those in connection with the federally registered service mark LITTLETHINGS.COM, nor (ii) any of Defendant's copyright-protected works, including those appearing on www.littlethings.com.

## PARTIES

2. Michael Gleissner is an individual domiciled in Hong Kong, S.A.R.

3. LittleThings is a corporation existing under the laws of the State of Delaware, with a principal place of business at 989 6th Avenue, New York, NY 10018.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331, 1338. The claims alleged in this Complaint arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the controversies to be

resolved herein arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*

5. This Court has personal jurisdiction over Defendant, pursuant to CPLR § 301, because LittleThings is registered to do business in New York and maintains its principal place of business and nerve center in Manhattan.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c). Defendant is present and doing business in New York.

## FACTS

### Plaintiff Receives a Cease and Desist Letter

7. On October 6, 2017, Plaintiff received a letter from Defendant's counsel, Joshua R. Wueller, alleging that, as the purported owner of www.istrendingmag.com (the "Domain"), he "sourced a substantial amount of creative content from [www.littlethings.com], without authorization …" The cease and desist letter, dated October 6, 2017 (the "Letter") is annexed hereto as **Exhibit A**.

8. As conceded therein, Mr. Wueller premised his inflammatory allegations upon nothing more than 'an understanding [that Plaintiff owned the Domain]', without attaching a scintilla of evidence that supported the foregoing.

9. LittleThings' counsel asserted that, as the owner of the www.istrendingmag.com, Gleissner infringed upon its federally registered LITTLETHINGS.COM service mark, Reg. No. 4,998,319, which purportedly appears throughout the Domain.

10. Moreover, citing both the U.S. Copyright Act and the Computer Fraud and Abuse Act, Mr. Wueller continued that Plaintiff, by virtue of owning and operating the

Domain, infringed upon Defendant's copyright-protected works appearing on its www.littlethings.com website.

11. The Letter concluded with a list of conditions, emboldened with the threat of litigation for non-compliance, demanding that Gleissner permanently cease and desist from, *inter alia*, exploiting the LITTLETHINGS.COM service mark and any copyright-protected works appearing on www.littlethings.com.

**Plaintiff Does Not Own or Operate the www.istrendingmag.com Domain**

12. According to comprehensive WHOIS records, the Domain was created on March 31, 2016 by Mark Kelly, an individual residing in New York State.

13. Thereafter, on October 28, 2016, the Domain was transferred to David Wu, another individual residing in New York State.

14. At the present time, the WHOIS information is protected by a privacy service, making it an extremely onerous task to deduce the Domain's current owner and operation.

15. Despite the present owner's identity being veiled in obscurity, what is clear is the fact that, at no time since March 31, 2016, has the Domain ever been owned or operated by Gleissner.

16. Furthermore, Gleissner has never been affiliated with the Domain's previous owners, Mark Kelly and David Wu, in any manner whatsoever.

17. By virtue of the foregoing, Plaintiff is compelled to seek a declaration from this Court that he has not infringed upon Defendant's intellectual property as alleged in the Letter.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of No Trademark Infringement

18. Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

19. Defendant alleges that, as the owner and operator of the Domain, Plaintiff is infringing upon its registered LITTLETHINGS.COM service mark.

20. An actual, present and justiciable controversy exists between Plaintiff and Defendant concerning whether or not Plaintiff is infringing upon Defendant's trademark rights.

21. Plaintiff seeks a Declaratory Judgment from this Court that, because Gleissner is not affiliated with the Domain in any manner, he does not have any control over, and is not responsible for, any of the infringing material that the Domain purportedly contains.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of No Copyright Infringement

22. Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

23. Defendant alleges that, as the owner and operator of the Domain, Plaintiff is infringing upon its copyright-protected works appearing on its www.littlethings.com website.

24. An actual, present and justiciable controversy exists between Plaintiff and Defendant concerning whether or not Plaintiff is infringing upon Defendant's copyright-protected material.

25. Plaintiff seeks a Declaratory Judgment from this Court that, because Gleissner is not affiliated with the Domain in any manner, he does not have any control over, and is not responsible for, any of the infringing material that the Domain purportedly contains.

**WHEREFORE**, based on the foregoing, Plaintiff demands judgment against Defendant as follows:

i. A declaration that Plaintiff does not infringe upon any of Defendant's trademarks, including the LITTLETHINGS.COM service mark.

ii. A declaration that Plaintiff does not infringe upon any of Defendant's copyright-protected works, including those appearing on www.littlethings.com.

iii. Attorneys' fees and the costs and disbursements of this action.

iv. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury as to all issues.

Dated:  New York, New York
        October 10, 2017

Morton & Associates LLP

_____
By: Roman A. Popov, Esq. (RP7625)
*Attorney for Plaintiff*
Michael Gleissner
246 West Broadway
New York, NY 10013
Tel: (212) 468-5511
Fax: (212) 508-0888
rp@moas.com